FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 09 2021 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DUANE BILLUPS,

          Petitioner,

    -against-

SUPERINTENDENT LUIS R. MARSHALL,

          Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
08-CV-4841 (GRB)

**GARY R. BROWN, United States District Judge:**

Petitioner DUANE BILLUPS ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction for Murder in the Second Degree in violation of N.Y. Penal Law § 125.25(1) and Criminal Possession of a Weapon in the Second Degree in violation of N.Y. Penal Law § 265.03(2) in the Supreme Court of the State of New York, Kings County (the "trial court"). On this petition, Petitioner raises several grounds as follows:

- The eliciting of testimony by the prosecution that the petitioner remained silent when taken into custody;

- Questions put to defendant when he took the stand as to whether a prosecution witness lied while testifying;

- Purportedly unfair prosecution comments during summation; and

- Ineffective assistance by trial and appellate counsel based upon:

    (1) the failure to challenge "testimonial hearsay violations";

    (2) failing to pursue a justification defense;

    (3) failure to make certain objections; and

1

(4) failing to investigate whether the victim had previously shot the petitioner. *See* Docket Entry ("DE") 1; DE 1-4. Because each of these claims is procedurally barred and/or substantively without merit, and because none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition is denied.

**I. FACTUAL BACKGROUND**

A review of the petition, filings by the Respondent and the state court record reveals that the Petitioner was convicted by a jury after trial, during which trial the prosecution introduced significant evidence demonstrating that he killed Rafael Rivera in 2003 after firing several gunshots, the last of which was a close range shot into the victim's head. *See, e.g.*, DE 6. What renders the facts beyond peradventure, though, was petitioner's testimony in which he acknowledged the critical facts underlying the conviction. *See* Trial Tr., DE 16-6, at 384-445; *cf.* Tr. 440 (petitioner acknowledging that he chased, shot and killed victim, who was unarmed).

Following the conviction, Petitioner was sentenced to concurrent terms of 20 years to life for second-degree murder and 15 years imprisonment for second-degree criminal possession of a weapon. *See* Sentencing Tr., DE 16-8.

The petitioner then pursued an appeal in the state court system, *People v. Billups*, 41 A.D.3d 492 (2d Dep't 2007), *leave to appeal denied*, 9 N.Y.3d 873 (2007). He also sought a writ of error *coram nobis* after the filing of the instant petition. *People v. Billups*, 59 A.D.3d 456 (2d Dep't 2009), *leave to appeal denied*, 12 N.Y.3d 851 (2009). The petitioner filed an appeal in the instant case to the Second Circuit, which returned a mandate dismissing that appeal in May 2019. DE 15. Judge Mauskopf directed petitioner to file an amended petition, which the petitioner failed to do, such that the Court held it would rule on the original petition. Electronic Order dated

10/3/19. Respondent filed its response in January 2020. DE 16. The case was reassigned to the undersigned on July 2, 2021. This decision follows.

**II. DISCUSSION**

**A. Standard of Review**

This petition is reviewed under the well-established standard of review of habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel and Brady violations, and the liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607 (2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

**B. The Instant Petition**

As noted, petitioner seeks habeas relief on the following grounds:

- Purportedly impermissible testimony by the prosecution that the petitioner remained silent when taken into custody;

- Questions put to defendant when he took the stand as to whether a prosecution witness lied while testifying;

- Allegedly unfair prosecution comments during summation; and

- Ineffective assistance by trial and appellate counsel based upon:

(1) the failure to challenge "testimonial hearsay violations";

(2) failing to pursue justification defense;

(3) failure to make certain objections; and

(4) failing to investigate whether the victim had previously shot the petitioner.

Even affording the petition the solicitous treatment afforded to *pro se* pleadings, none of these grounds support habeas relief. Some are rooted in state law rights that are simply not cognizable on a habeas petition and/or were denied based upon an independent and adequate state law ground, including claims regarding evidentiary rulings.[1] Thus, petitioners' first three claims, to wit: inquiries into pre-trial silence, questions about whether prosecution witnesses had been untruthful and purportedly improper summation comments, as articulated, constitute violations of New York law[2] not actionable on habeas review. The Appellate Division found that none of these three claims were properly preserved. *Billups*, 41 A.D.3d at 493 (defendant "failed to raise any objection, voiced a general objection without specifying the ground therefor, or failed to seek further relief when an objection was sustained or a curative instruction was provided by the court."). Petitioner cannot proceed on claims that were not fully exhausted and hence are subject to the procedural bar, as Petitioner has failed to demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the

---

[1] "Under Supreme Court jurisprudence, a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review." *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 72-73 (2d Cir. 2011) (citing *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir. 2006)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Such claims do not constitute issues of constitutional magnitude unless the evidentiary error was "so pervasive as to have denied [defendant] a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985).

[2] *See, e.g.*, *People v. Basora*, 75 N.Y.2d 992, 993 (1990) (pretrial silence); *People v. Berrios*, 298 A.D.2d 597, 597 (2d Dep't 2002) (prosecution witnesses' untruthfulness); *People v. Sepulveda*, 105 A.D.2d 854, 857 (2d Dep't 1984) (summation rules); *People v. Smith*, 288 A.D.2d 496, 497 (2d Dep't 2001) (same).

claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As to the prosecutorial closing statements, the arguments identified, even if improper, would not warrant habeas relief. *Compare Fagon v. Bara*, 717 F. Supp. 976, 987 (E.D.N.Y. 1989) (prosecutor's remark was "improper" but not of "constitutional magnitude"). Indeed, in this case, in which defendant took the stand and acknowledged all the relevant factual conduct underlying the charged homicide, the purported misconduct fails to meet the demanding standard required here. *See Tankleff v. Senkowski*, 135 F.3d 235, 252 (2d Cir. 1998) (petitioner must show he "suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict.")

Finally, Petitioner's claim of ineffective assistance of counsel does not warrant relief. The Appellate Division considered this claim and determined that petitioner "was not denied the effective assistance of counsel by reason of the strategy and tactics employed by his trial attorney" and that "review of the record as a whole demonstrate[d] that he was afforded meaningful representation." *Billups*, 41 A.D.3d at 493. Review of the matters complained of reveals that these determinations were substantially correct.

As to the justification defense, counsel's reticence was warranted given that the trial judge plainly advised counsel that the facts did not warrant such a defense. Trial Tr. at 360, 449-51.[3] Petitioners other complaints are equally unavailing. Petitioner's claim that the victim had shot him – years earlier – cannot arise to a cognizable defense, such that any failure to raise or investigate such matters prove irrelevant.

---

[3] "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Harrington v. Richter*, 562 U.S. 86, 110, (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).

Thus, the petition must be denied in its entirety.

### III. CONCLUSION

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: July 9, 2021
       Central Islip, New York

                                            /s/Gary R. Brown
                                            HON. GARY R. BROWN
                                            UNITED STATES DISTRICT JUDGE